1   **JAY S. ROTHMAN & ASSOCIATES**
Ali Sachani, Esq. (SBN 234641)
2   21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367
3   Telephone: 818.986.7870
Facsimile: 818.990.3019
4
Attorneys for Plaintiff
5   GREGORY OWENS

6   **McGUIREWOODS LLP**
Michael D. Mandel, Esq. (SBN 216934)
7       Email: mmandel@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
8       Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
9   Los Angeles, CA 90067
Telephone: 310.315.8200
10  Facsimile: 310.315.8210

11  Attorneys for Defendant
CALIFORNIA PIZZA KITCHEN, INC.
12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16  GREGORY OWENS,                    CASE NO. CV14-03414-SJO (PJWx)

17          Plaintiff,                **STIPULATED PROTECTIVE
                                      ORDER**
18      vs.

19  CALIFORNIA PIZZA KITCHEN,
INC.; DOES 1 through 10,
20
        Defendants.
21

22

23

24

25

26

27

28

60175668.1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as trade secrets or other confidential research, development or commercial information, or third-party information protected by a right of privacy. It also includes information regarding the Plaintiff protected by a right of privacy.

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material: all items or information, regardless

60175668.1

STIPULATED PROTECTIVE ORDER

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7  House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9  Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

60175668.1

2

STIPULATED PROTECTIVE ORDER

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored

60175668.1

4

1 the legend "CONFIDENTIAL." If only a portion or portions of the information or

2 item warrant protection, the Producing Party, to the extent practicable, shall identify

3 the protected portion(s).

4      5.2   Inadvertent Failures to Designate. If timely corrected, an inadvertent

5 failure to designate qualified information or items does not, standing alone, waive

6 the Designating Party's right to secure protection under this Order for such material.

7 Upon timely correction of a designation, the Receiving Party must make reasonable

8 efforts to assure that the material is treated in accordance with the provisions of this

9 Order.

10 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

11      6.1   Timing of Challenges. Any Party or Non-Party may challenge a

12 designation of confidentiality at any time. Unless a prompt challenge to a

13 Designating Party's confidentiality designation is necessary to avoid foreseeable,

14 substantial unfairness, unnecessary economic burdens, or a significant disruption or

15 delay of the litigation, a Party does not waive its right to challenge a confidentiality

16 designation by electing not to mount a challenge promptly after the original

17 designation is disclosed.

18      6.2   Meet and Confer. The Challenging Party shall initiate the dispute

19 resolution process by providing written notice of each designation it is challenging

20 and describing the basis for each challenge. To avoid ambiguity as to whether a

21 challenge has been made, the written notice must recite that the challenge to

22 confidentiality is being made in accordance with this specific paragraph of the

23 Protective Order. The parties shall attempt to resolve each challenge in good faith

24 and must begin the process by conferring directly within 14 days of the date of

25 service of notice. In conferring, the Challenging Party must explain the basis for its

26 belief that the confidentiality designation was not proper and must give the

27 Designating Party an opportunity to review the designated material, to reconsider the

28 circumstances, and, if no change in designation is offered, to explain the basis for

1  the chosen designation. A Challenging Party may proceed to the next stage of the

2  challenge process only if it has engaged in this meet and confer process first or

3  establishes that the Designating Party is unwilling to participate in the meet and

4  confer process in a timely manner.

5       6.3   Judicial Intervention. If the Parties cannot resolve a challenge without

6  court intervention, the Designating Party shall file and serve a motion to retain

7  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

8  79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days

9  of the parties agreeing that the meet and confer process will not resolve their dispute,

10 whichever is earlier. Each such motion must be accompanied by a competent

11 declaration affirming that the movant has complied with the meet and confer

12 requirements imposed in the preceding paragraph. Failure by the Designating Party

13 to make such a motion including the required declaration within 21 days (or 14 days,

14 if applicable) shall automatically waive the confidentiality designation for each

15 challenged designation. In addition, the Challenging Party may file a motion

16 challenging a confidentiality designation at any time if there is good cause for doing

17 so, including a challenge to the designation of a deposition transcript or any portions

18 thereof. Any motion brought pursuant to this provision must be accompanied by a

19 competent declaration affirming that the movant has complied with the meet and

20 confer requirements imposed by the preceding paragraph.

21      The burden of persuasion in any such challenge proceeding shall be on the

22 Designating Party. Frivolous challenges, and those made for an improper purpose

23 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

24 expose the Challenging Party to sanctions. Unless the Designating Party has waived

25 the confidentiality designation by failing to file a motion to retain confidentiality as

26 described above, all parties shall continue to afford the material in question the level

27 of protection to which it is entitled under the Producing Party's designation until the

28 court rules on the challenge.

60175668.1

6

STIPULATED PROTECTIVE ORDER

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)  the court and its personnel;

60175668.1

7

**STIPULATED PROTECTIVE ORDER**

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
      IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

8

**STIPULATED PROTECTIVE ORDER**

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

        (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

                (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

                (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

                (3) make the information requested available for inspection by the Non-Party.

        (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to

60175668.1

9

STIPULATED PROTECTIVE ORDER

the discovery request.  If the Non-Party timely seeks a protective order, the

Receiving Party shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Non-Party before a determination

by the court.  Absent a court order to the contrary, the Non-Party shall bear the

burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

     PROTECTED MATERIAL

     Pursuant to Federal Rule of Evidence 502, the inadvertent production or

disclosure of any document or thing otherwise protected by the attorney-client

privilege or attorney work product immunity shall not operate as a waiver of any

such privilege or immunity if, after learning of the inadvertent production or

disclosure, the party who made the inadvertent production or disclosure sends to any

Receiving Party a written request for the return or destruction of such documents or

things.  Upon receiving such a request, the Receiving Party shall immediately take

all necessary steps to return or destroy such documents or things, including all

copies and electronic copies, and make a written certification to the Producing Party

of such compliance.  If the Receiving Party disclosed the inadvertently produced

document or thing before being notified by the Producing Party, it must take

reasonable steps to retrieve the inadvertently produced document or thing.

60175668.1

10

**STIPULATED PROTECTIVE ORDER**

Additionally:

      (a)    If the Receiving Party wishes to contest that any such inadvertently produced document or thing is protected by the attorney-client privilege or by attorney work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party. Within 10 court days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity. Within five (5) court days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things the protection of which is still disputed. If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by attorney work-product immunity. If the motion to compel results in a ruling that the documents and things at issue are protected, and not subject to production, the Receiving Party shall immediately take all necessary steps to return or destroy all such documents and things.

      (b)    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Requesting Party disputes the claims of attorney-client privilege or attorney work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

      (c)    In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel. Furthermore, until and unless such

1   motion to compel is granted, the Receiving Party shall neither quote nor

2   substantively reveal any privileged information contained within the documents or

3   things at issue (except through a motion to compel filed under seal pursuant to

4   Paragraph 11(a), above), either prior to or following their return, except to the extent

5   such information is reflected in an appropriate privilege log.

6   12.   MISCELLANEOUS

7         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

8   person to seek its modification by the court in the future.

9         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

10  Protective Order no Party waives any right it otherwise would have to object to

11  disclosing or producing any information or item on any ground not addressed in this

12  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

13  ground to use in evidence of any of the material covered by this Protective Order.

14        12.3   Filing Protected Material.  Without written permission from the

15  Designating Party or a court order secured after appropriate notice to all interested

16  persons, a Party may not file in the public record in this action any Protected

17  Material.  A Party that seeks to file under seal any Protected Material must comply

18  with Civil Local Rule 79-5.  Protected Material may only be filed under seal

19  pursuant to a court order authorizing the sealing of the specific Protected Material at

20  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

21  request establishing that the Protected Material at issue is privileged, protectable as a

22  trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's

23  request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is

24  denied by the court, then the Receiving Party may file the information in the public

25  record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

26  13.   FINAL DISPOSITION

27        Within 60 days after the final disposition of this action, as defined in

28  paragraph 4, each Receiving Party must return all Protected Material to the

1  Producing Party or destroy such material.  As used in this subdivision, "all Protected

2  Material" includes all copies, abstracts, compilations, summaries, and any other

3  format reproducing or capturing any of the Protected Material.  Whether the

4  Protected Material is returned or destroyed, the Receiving Party must submit a

5  written certification to the Producing Party (and, if not the same person or entity, to

6  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

7  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

8  that the Receiving Party has not retained any copies, abstracts, compilations,

9  summaries or any other format reproducing or capturing any of the Protected

10  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

11  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

12  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

13  work product, and consultant and expert work product, even if such materials

14  contain Protected Material.  Any such archival copies that contain or constitute

15  Protected Material remain subject to this Protective Order as set forth in Section 4

16  (DURATION).

17

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19

20  DATED:   September 15, 2014                 JAY S. ROTHMAN & ASSOCIATES

21

22                                                              By: ____/s/ Ali Sachani_____
                                                                        Ali Sachani, Esq.
23
                                                                Attorneys for Plaintiff
24                                                              GREGORY OWENS

25

26

27

28

60175668.1                                          13

DATED:   September 15, 2014          **McGuireWoods LLP**

By: ___/s/ Sylvia J. Kim___
       Michael D. Mandel, Esq.,
       Sylvia J. Kim, Esq.

Attorneys for Defendant
CALIFORNIA PIZZA KITCHEN. INC.

IT IS SO ORDERED.

September 22, 2014

_Patrick J. Walsh_
PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

60175668.1

14

**STIPULATED PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on [date] in the case of *Gregory Owens v. California Pizza Kitchen,*

*Inc.*, Case No. CV14-03414-SJO (PJWx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____